IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2052-BO

| MARIO ANDRE PARKER, | ) | |
|---|---|---|
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| MICHAEL T. BELL, | ) | |
| Respondent. | ) | |

Mario Andre Parker petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Since filing this case, petitioner has filed approximately 38 letters with the court and numerous motions. His pending motions include a filing entitled "Motion for Release Pending Review or Ruling PHC Proceedings" (D.E. # 29), a Motion for Release Pending Review of this Habeas (D.E. # 31), and a Motion for Appointment of Counsel (D.E. # 45). Many of the filings have attached documents such as newspaper articles with writing and communications to the court in the margins. The filing are somewhat difficult to understand. Respondent's have filed a motion for summary judgment (D.E. # 40) to which petitioner responded. For the following reasons, the motion for summary judgment is allowed.

On February 29, 2008, in the Superior Court of Sampson County, petitioner was convicted after trial by jury of failing to register as a sex offender, and pled guilty to habitual felon status. He was sentenced to 80-105 months imprisonment. At trial he was represented by David Hobson. On March 2, 2010, the North Carolina Court of Appeals issued an unpublished opinion finding no error. State v. Parker, 2010 N.C. App. Lexis 400 (2010). Petitioner was represented on appeal by Mr. Paul F. Herzog. Petitioner did not seek further review by a higher state appellate court, and did not file any other petitions, applications, or motions concerning this

judgment of conviction in any state court. On April 5, 2010, petitioner filed his pro se federal habeas application form in this court.

Petitioner contends: (1) the trial court violated his Fifth and Fourteenth Amendment rights by failing to order a competency evaluation ex mero motu to evaluate petitioner either prior to trial or prior to the beginning of jury deliberations; (2) he received ineffective assistance of counsel because his lawyer failed to move the court for a competency evaluation; (3) the trial court violated his Fifth and Fourteenth Amendment rights by failing to order a competency evaluation ex mero motu to evaluate petitioner immediately prior to taking his habitual felon plea or alternatively to order his guilty plea stricken; and (4) he received ineffective assistance of counsel because his lawyer failed to move the court for a competency evaluation prior to the habitual felon plea or alternatively to move that his guilty plea be stricken.

In the Court of Appeals, petitioner, through counsel, argued: the trial court erred when it failed, ex mero motu, to order a hearing on his capacity to proceed both prior to trial and prior to jury deliberations, the trial court erred by failing to conduct a competency hearing, ex mere motu, prior to taking his habitual felon plea, or, alternatively, that the trial court erred in failing to strike defendant's plea; and, petitioner received ineffective assistance of counsel for counsel's failure to move for a competency hearing before trial, before jury deliberations, and before his plea. State of North Carolina v. Mario Andre Parker, 691 S.E.2d 768, 2010 WL 700714 (March 2, 2010). The North Carolina Court of Appeals entered a detailed order finding no error and affirming his conviction. Id.

Petitioner raised the substance of his current claims on direct appeal to the North Carolina Court of Appeals. The state court records do not reveal that he filed a timely notice of appeal and/or petition for discretionary review (PDR) to the Supreme Court of North Carolina, within

2

35 days of the filing of the Court of Appeals' March 2, 2010 unpublished opinion. See Id.; see also, N.C.R. of App. P., Rules 14(a) and 15(b) (2010) (15 days to file from the issuance of the Court of Appeals' mandate to file notice of appeal and/or PDR in North Carolina Supreme Court) and Rule 32(b) (unless court orders otherwise, mandate issues 20 days after written opinion filed).

A habeas petitioner in state custody generally must exhaust state court remedies. See 28 U.S.C. § 2254(b). Furthermore, a federal habeas court may not review unexhausted claims that would be treated as procedurally barred by state courts-absent cause and prejudice or a fundamental miscarriage of justice. See Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004); Clagett v. Angelone, 209 F.3d 370, 378 (4th Cir. 2000); Mackall v. Angelone, 131 F.3d 442, 445 (4th Cir.1997) (en banc). This exhaustion requirement "reduces friction between the state and federal court systems by avoiding the unseem[liness] of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (internal quotation marks and citation omitted). Therefore, the Supreme Court instructs that, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" to include "petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." Id. at 845, 847. Thus, one must fairly present to the state court "both the operative facts and the controlling legal principles" associated with each claim. Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000) (citing Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir.1997) (internal quotation marks omitted)). "In other words, the ground must 'be presented

3

face-up and squarely.'" Longworth, 377 F.3d 437, at 448 (citing Mallory v. Smith, 27 F.3d 991, 995 (4th Cir.1994)) (citation and internal quotation marks omitted).

As noted above, procedural default will only be excused in two narrow circumstances. First, petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the default. "Cause" ordinarily requires petitioner to demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court. Henderson v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003). To show "prejudice," the petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his factual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Hollis v. Davis, 941 F.2d 1471, 1480 (11th Cir.1991) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)).

Second, a petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if review is necessary to correct a fundamental miscarriage of justice. Edwards v. Carpenter, 529 U.S. 446, 451 (2000). "The 'fundamental miscarriage of justice' gateway is open to a petitioner who submits new evidence showing that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Williams v. Bagley, 380 F.3d 932, 973 (6th Cir. 2004) ( citing Schlup v. Delo, 513 U.S. 298, 327 (1995) "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Id. No allegations rising to cause or prejudice or fundamental miscarriage of justice have been clearly argued to satisfy the gateway to avoid a procedural bar.

4

Accordingly, respondent's summary judgment motion is ALLOWED, and matter is DISMISSED WITHOUT PREJUDICE for failure to exhaust (D.E. # 40). Having so determined, all other pending motions are DENIED as MOOT.

SO ORDERED, this 22 day of August 2011.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE